## PORTER v. THE STATE.

1. CRIMINAL LAW. *Indictment.* An indictment charging the defendant with "carrying upon his person a pocket pistol, other than an army pistol and such a pistol as is usually used in the U. S. army," is sufficiently certain and descriptive of the offense under the statute.

2. SAME. *Carrying pistols.* A "pocket pistol" is such a pistol as a man ordinarily carries, or may conveniently carry, or actually carries, on his person in his pocket. The name of the pistol is unimportant, and the number of times the pistol shoots is immaterial.

### FROM LAUDERDALE.

Appeal from the Circuit Court.     THOS. J. FLIPPIN, Judge.

No brief for complainant.

ATTORNEY-GENERAL HEISKELL for State.

NICHOLSON, C. J., delivered the opinion of the court.

David M. Porter was tried and convicted in the Circuit Court of Lauderdale county, on a presentment for unlawfully carrying a pistol.

The presentment contained three counts. In the first defendant was charged with unlawfully "carrying upon his person a pocket pistol other than an army pistol and such a pistol as is usually used in the U. S. army." In the second, for "carrying a belt pistol, other than an army pistol and such as is usually used in the U. S. army." And in the third, for carrying upon his person an army pistol, the same being such a pistol as is usually used in the U. S. army, not then and there having said pistol openly in his hands."

The Circuit Judge overruled a motion to quash the two first counts of the presentment. The motion to quash was made upon the ground that the first and second counts do not charge an indictable offense.

It is insisted that the Circuit Judge erred in overruling the motion to quash, for the reason that upon the proper grammatical construction of the language of the presentment, defendant is charged with carrying "such a pistol as is usually used in the U. S. army," which is not an indictable offense.

The language of the presentment follows substantially that used in the act of 1871, ch. 90, which defines the offense as follows: "publicly or privately carrying a belt or pocket pistol or revolver, other than an army pistol, or such as are commonly carried and used in the U. S. army."

The charge in the first count is, that defendant

carried on his person a pocket pistol, other than an army pistol, and such a pistol," that is, and other than "such a pistol as is usually used in the U. S. army."

The obvious intention of the draftsman of the presentment, in the first and second counts, was to negative the idea that the pocket or the belt pistol charged to have been worn by the defendant, was either an army pistol or a pistol usually used in the U. S. army. This is done with sufficient certainty by the language employed. There was, therefore, no error in overruling the motion to quash.

The question before the jury seems to have been whether the pistol shown to have been in the hands of the defendant was an army pistol or not.

It was in reference to the proof on this question of fact that the judge instructed the jury, that "a pocket pistol is such a pistol as a man ordinarily carries, or may conveniently carry, or actually carries on his person in his pocket. The name of the pistol is unimportant, and the number of times the pistol shoots is immaterial. So a belt pistol is such a pistol as a man usually carries, or that may be conveniently carried, or is actually carried on the person in a belt.

This description is not intended to comprehend such a class of pistols as fall under the head or description of army pistols, or such as are usually worn and carried in the U. S. army, for example, Colt's navy six or large army pistols; for as to these the law gives him authority to carry them, provided he does so openly and in his hands.

You will then determine from the proof whether, if the proof shows that the defendant had a pistol, it falls undsr the head of a belt or pocket pistol, or an army pistol, and if the latter, whether it was carried as authorized by law.

We think this charge is clear and strictly correct as applicable to the proof in the case.

The jury found the defendant guilty, and the proof fully sustains their verdict.

The judgment is affirmed.